## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. _____


PATRICIA SEVILLA BRATULESCU, and
BELA MIKLOS,

      Plaintiffs,

      v.

ALEJANDRO MAYORKAS, in his official capacity as Secretary of the United States
Department of Homeland Security;

TRACY RENAUD in her official capacity as Senior Official Performing the Duties of the
Director of the United States Citizenship and Immigration Services;

U.S. DEPARTMENT OF HOMELAND SECURITY; and

UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,

      Defendants.

_____

### COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF

_____

**INTRODUCTION**

1. Plaintiffs Patricia Sevilla Bratulescu ("Dr. Bratulescu"), a citizen of Romania residing in Aurora, Colorado, and her husband, Bela Miklos ("Mr. Miklos"), bring this mandamus and Administrative Procedures Act action to compel defendants to complete the adjudication of Dr. Bratulescu's I-539 application to extend her E-2 dependent status for two years and I-765 Application for Employment Authorization, pending since September 23, 2020.  Mr. Miklos's E-2 extension was approved on October 7, 2020.  Due to an unreasonable change in policy by USCIS to no longer adjudicate the dependent application with the principal's and a dramatic and unreasonable increase in processing times, Dr. Bratulescu and her family have been left without her critical income for months.  Dr. Bratulescu may permanently lose her job where she has been employed since March 30, 2009.

2. The delay in adjudication has meant Dr. Bratulescu has not been able to work as a dentist at the Aurora, Colorado Perfect Teeth since September 29, 2020, losing valuable income of approximately $140,000 per year and being cut off from benefits during this time.

3. Current published processing times for form I-539 (other) at USCIS's California Service Center, where the application remains pending, are 17 to 22.5 months.

4. The extension requested is only for two years, but no longer than through the end of her spouse's approved E-2 extension, the maximum allowed for E-2 spouses.

5. E-2 dependent spouses, like Dr. Bratulescu, are eligible for employment authorization. This employment authorization application may not be approved until the E-2 extension (I-539) is approved.

6. Dr. Bratulescu, with the support of her employer, requested an expedite of her extension application and employment authorization in accordance with USCIS procedures showing Dr. Bratulescu, her patients, and Perfect Teeth would experience imminent harm without timely adjudication of her applications.

7. The expedite application was denied on the basis that she purportedly should have applied earlier.

8. Nevertheless, even if she had applied a full six months in advance (the earliest allowed by regulation), the current processing times and inexplicable change in USCIS policy would still have resulted in an extended and unreasonable break in employment authorization.

9. Dr. Bratulescu and Mr. Miklos are prejudiced by the undue delay in the processing of these applications.  Mr. Miklos, as an E-2 treaty investor, is supposed to benefit from derivative benefits for his spouse to live and work in the United States with him.  Yet United States Citizenship and Immigration Services ("USCIS") adjudication delays have made that impossible for an unreasonable amount of time.  Plaintiffs file this lawsuit to ensure the I-539 and I-765 applications are promptly adjudicated to avoid further harm to Dr. Bratulescu and Mr. Miklos.

**PARTIES**

10. Plaintiff Dr. Patricia Bratulescu is a Romanian citizen living in Aurora, Colorado.  Her E-2 dependent extension and employment authorization applications have been pending since September 23, 2020.

11. Mr. Miklos is Dr. Bratulescu's husband, also a citizen of Romania.  His application for an extension of his E-2 status was approved on October 7, 2020 and is valid through September 28, 2022.  Mr. Miklos also lives in Aurora, Colorado.

12. Defendant Alejandro Mayorkas is the Secretary of the United States Department of Homeland Security and is sued in his official capacity only.  Defendant Mayorkas is charged with the administration of USCIS and implementing the Immigration and Nationality Act.  8 C.F.R. §2.1.

13. Defendant Tracy Renaud is the Senior Official Performing the Duties of the Director of USCIS and is sued in her official capacity only.  USCIS is the component of the Department of Homeland Security that is responsible for adjudicating Dr. Bratulescu's I-539 and I-765 applications.

14. Defendant Department of Homeland Security is the department within which the USCIS adjudicates applications for extensions of status and applications for employment authorization.  DHS operates within this district, with headquarters in Washington, D.C.

15. Defendant United States Citizenship and Immigration Services is the component of DHS that adjudicates applications for extensions of status and applications for employment authorization.  USCIS operates with this district, with headquarters in Washington, D.C.

## JURISDICTION AND VENUE

16. Jurisdiction of the Court is predicated upon 28 U.S.C. §§ 1331 and 1346(a)(2) in that the matter in controversy arises under the Constitution and laws of the United States and the United States is a defendant.  This Court also has jurisdiction over the present action pursuant to 28 U.S.C. § 2201, the Declaratory Judgment Act; 8 U.S.C. § 702, the Administrative Procedures Act; and 28 U.S.C. §1361, regarding an action to compel an officer of the United States to perform his or her duty.

17. Venue is proper in this District under 28 USC §1391(e) because a substantial part of the events and omissions giving rise the claim occurred in this district, Plaintiffs reside in this district, and because defendants operate within this district.

## FACTS AND BACKGROUND

18. Plaintiff Dr. Bratulescu is a dentist residing Aurora, Colorado, with her husband, Mr. Miklos, and their daughter, a U.S. citizen.  Dr. Bratulescu has been working for Birner Dental Management Services, Inc., dba Perfect Teeth, since March 30, 2009.  Until September 28, 2020, Dr. Bratulescu led the Aurora office as the only full-time dentist on staff.  She supervised a dental hygienist and assistant at that location.  Until her status expired at the end of September 2020, Dr. Bratulescu had been in valid E-2 dependent

status since October 26, 2016.  She has lived in the U.S. with valid nonimmigrant status since October 28, 1999.  She currently remains in the U.S. lawfully pending adjudication of her extension application.

19. Mr. Miklos invested in his own company and was approved as an E-2 treaty investor on October 26, 2016.  He has received two subsequent extensions of E-2 status to continue directing and developing his company.  The most recent extension request was filed on September 23, 2020.  Mr. Miklos paid an additional $1440 for Premium Processing service which guaranteed review of his application within fifteen business days.  The E-2 extension was granted on October 7, 2020 and is valid through September 28, 2022.

20. Although Dr. Bratulescu's applications were filed simultaneously with Mr. Miklos's, her applications both remain pending adjudication.  USCIS does not offer Premium Processing service for I-539 or I-765 applications for E-2 dependents.

21. The Immigration and Nationality Act ("INA") § 214(e)(6) provides for employment authorization for E-2 spouses.  Specifically, it states the "Attorney General shall authorize the alien spouse to engage in employment in the United States and provide the spouse with an 'employment authorized' endorsement or other appropriate work permit." INA § 214(e)(6).

22. The failure to adjudicate Dr. Bratulescu's extension application within a reasonable timeframe robs Mr. Miklos and Dr. Bratulescu of a dual income to which they are

entitled by law.  She has held consistent employment as a dentist at the same company for almost twelve years and needs to continue working.

23. The refusal to adjudicate Dr. Bratulescu's dependent applications at the same time as Mr. Miklos's is apparently due to a recent change in policy by USCIS that has resulted in undue hardship to Dr. Bratulescu and Mr. Miklos.

24. The May 23, 2006 Federal Register, Vol. 71, No. 99, p. 29665 (Ex. 10) indicated that USCIS would provide 15 calendar day processing for a dependent's Form I-539 concurrently filed with the principal's Form I-129 for which Premium Processing Service was requested.  This policy enabled married couples to coordinate maintenance of their lawful status and maintain employment authorization.

25. On March 1, 2019, USCIS indicated during a stakeholder teleconference that this longstanding policy would no longer be adhered to because a biometrics requirement was added to form I-539, and it generally takes at least "17 days" for the I-539 biometrics to be scheduled.  Ex. 6, USCIS Teleconference on Revised Form I-539 and New Form I-539A at p. 7.

26. Notably, on March 1, 2019, case processing times at the California Service Center for I-539 Applications ranged from 1 to 4.5 months.  Ex. 7.  Yet the change in policy was concerning even at the time given the discrepancies it would cause between the principals' and dependents' status.

27. The current case processing times, as of February 16, 2021, have dramatically increased and are now 17 to 22.5 months for this type of extension ("All other") at the California Service Center.  Ex. 8.

28. On October 23, 2021, Dr. Bratulescu filed an expedite request of her pending applications that included a letter from her employer explaining the severe financial harm it had already endured from lost revenue due to COVID, and the ongoing financial harm the company was suffering from Dr. Bratulescu's absence.   Ex. 4.  The letter also explained that Dr. Bratulescu's patients and the staff at the Aurora office of Perfect Teeth were also suffering harm from Dr. Bratulescu's lack of employment authorization.  *Id.*

29. USCIS first rejected the request stating the request could only be submitted through an online portal.  The online portal, however, had no place to file an expedite request.  Ex. 5.

30. Through her attorney, Dr. Bratulescu submitted her expedite request with the assistance of Senator Bennet's office.  USCIS denied the expedite request with a template email.  There is one line highlighted that seems to indicate Dr. Bratulescu's request was denied for failure to "file the benefit request or the expedite request within a reasonable timeframe."  Ex. 9.

31. An extension may not be requested more than six months prior to the expiration of status for E-2 principals and their dependents.  *See* Form I-765 Instructions at p. 30 (available at https://www.uscis.gov/sites/default/files/document/forms/i-765instr.pdf).  The application is considered timely filed if received by USCIS before the expiration of current status.

Even if Mr. Miklos and Dr. Bratulescu had filed the extension application six months in advance, Dr. Bratulescu would still be waiting for adjudication of her applications based on current processing times.  The application was timely filed prior to the expiration date of Dr. Bratulescu and Mr. Miklos's E-2 status.

32. Once approved, the extension can only be valid for the period of approval of her spouse's E-2 extension, through September 28, 2022.  *See* 8 C.F.R. § 214.2(e)(17)(i)-(ii).

33. Dr. Bratulescu has not received a biometrics notice for her pending I-539 to date.  Far from the 17 days noted on the USCIS stakeholder teleconference in March 2019, she has been waiting six months already.  When a biometrics notice was requested from USCIS through its online case status system on February 4, 2021, USCIS responded it is experiencing delays.

34. Dr. Bratulescu has been without employment authorization for an unreasonable amount of time due to the undue delay by USCIS in processing these applications.   The extended time for adjudication is not only unreasonable pursuant to the agency's historical practices and processing times, but also in this particular situation.  Dr. Bratulescu timely filed her application *and* requested an expedite, working with Senator Bennet's office to ensure direct communication with the agency.

35. Being forced to file an expedite request to obtain just a reasonable processing time is unreasonable.  Denial of her well-supported expedite request was unreasonable.  Failure to adjudicate this application since September 2020 is unreasonable.  Asking Dr.

Bratulescu to wait until January 2022 and potentially until June 2022 to resume working is unconscionable and unlawful and would result in between $140,000 and $280,000 of lost income for her and her family.  The financial loss may be greater if she loses her position at her employer due to the extended delay.  The current processing times will leave her with only three to eight months of employment authorization.  She may need to file her next extension application before receiving a decision on the pending one.

36. Plaintiffs have exhausted all administrative remedies and there are no further administrative acts Plaintiffs can take to obtain the benefits to which they are entitled.

## CAUSES OF ACTION

### Administrative Procedures Act

37. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-36 above.

38. Defendants' failure to adjudicate Dr. Bratulescu's I-539 and I-765 applications constitutes an unreasonable failure to act and an unreasonable delay in violation of the Immigration and Nationality Act, the Administrative Procedures Act at 5 USC §§ 555(b) and 706(1).  Pursuant to 5 USC §706(1), the "court shall compel agency action unlawfully held or unreasonably delayed."

39. Plaintiffs have a clear right to the relief requested.  Defendants have a clear duty pursuant to the Immigration and Nationality Act to adjudicate Dr. Bratulescu's applications.  There is no other adequate remedy available.

**Mandamus Act**

40. Plaintiffs re-allege and incorporate by reference, as if fully set forth herein, the allegations in paragraphs 1-36 above.

41. The Mandamus Act, 28 U.S.C. § 1361, provides the Court with the authority to compel an officer or employee of any agency of the United States to perform a duty owed to Plaintiffs.

42. Plaintiff has a clear right to the relief requested.  Dr. Bratulescu's spouse's E-2 petition has already been extended through September 28, 2022, and she is eligible for extension in E-2 dependent status through September 28, 2022.  Under the INA, the "Attorney General shall authorize the alien spouse to engage in employment in the United States and provide the spouse with an 'employment authorized' endorsement or other appropriate work permit."  INA § 214(e)(6).

43. Defendants have a clear duty to perform the act in question – to adjudicate the E-2 extension and employment authorization application within a reasonable time under the circumstances.

44. Under the circumstances, USCIS only recently stopped adjudicating dependent applications at the same time as the principal's, and the processing times have swelled dramatically to at minimum, seventeen months.  Where the extension will only be valid for a maximum of two years, this case processing time is unreasonable.  With published minimum processing times at seventeen months, it does not make sense for Dr.

Bratulescu to wait any longer to file this Complaint.  The processing times are so slow that there is no way to obtain work authorization as an E-2 spouse without a substantial break in employment authorization, even if one were to file as early as allowed by USCIS's own regulations.

45. In Dr. Bratulescu's case, this delay is unreasonable as it deprives her of employment authorization after over twelve years with her current employer, and after four years as an E-2 spouse with employment authorization.  Her spouse's case has already been approved.  The current processing times would deprive her of the ability to earn a living as a professional dentist and her substantial income of approximately $140,000 per year.

46. No other adequate remedy is available.  Dr. Bratulescu has already submitted a formal written request to the agency for an expedite of her applications, setting out the facts for consideration under the circumstances, and USCIS denied that request.

## PRAYER FOR RELIEF

The Plaintiffs request the Court grant the following relief:

A. Order the Defendants to adjudicate Dr. Bratulescu's I-539 and I-765 applications on or before sixty days from the filing of this complaint, or within a reasonable period of time as determined by the Court.

B. Retain jurisdiction during the adjudication of the I-765 and I-539 applications in order to ensure compliance with the Court's orders.

C.  Award reasonable costs and attorneys' fees; and

D.  Grant such other relief as the Court may deem just and proper.

DATED:  March 23, 2021

Respectfully submitted by:

s/ Kristin A. Knudson
**Kristin A. Knudson**
Knudson & Associates LLC
550 S. Wadsworth Blvd., Suite 302
Lakewood, CO 80226
Telephone: (303) 974-7759
Email: kristin@knudsonandassociates.com
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**


I, Kristin Knudson, hereby certify that on March 23, 2021, I served the COMPLAINT FOR INJUNCTIVE AND MANDAMUS RELIEF and attached exhibits to the following parties via certified mail:


Acting U.S. Attorney Matthew T. Kirsch
1801 California Street
Suite 1600
Denver, CO 80202

Secretary Alejandro Mayorkas
United States Department of Homeland Security
Secretary of Homeland Security
Washington, D.C. 20528


Tracy Renaud, Senior Official Performing the Duties of the Director of USCIS
United States Citizenship and Immigration Services
111 Massachusetts Ave.
Headquarters Building
Washington, D.C. 20529


Attorney General Merrick Garland
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, D.C. 20530-0001


s/ Kristin A. Knudson
***Kristin A. Knudson***
Knudson & Associates LLC
550 S. Wadsworth Blvd., Suite 302
Lakewood, CO 80226
Telephone: (303) 974-7758
FAX: (720) 496-4888
Attorney for Plaintiffs